UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 8 2002

Michael N. Milby
Clerk of Court

DIONICIO GRIMALDO-BARRIENTOS )
)
v. )           C.A. No. B-02-130
)
E.M. TROMINSKI, INS DISTRICT )
  DIRECTOR, and )
JOHN ASHCROFT, ATTORNEY )
  GENERAL OF THE UNITED STATES. )
_____ )

### PETITION FOR WRIT OF HABEAS CORPUS

Dionicio Grimaldo-Barrientos, ("Mr. Grimaldo"), by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr*, 121 S.Ct. 2271 (2001).

He seeks review of the administratively final order of the Board of Immigration Appeals, affirming, without opinion, the results of the decision of the Immigration Judge, finding him ineligible for any relief from removal, and ordering his deportation to Mexico. (Petitioner's Exhibit A, herein incorporated by reference).

### I. JURISDICTION AND VENUE

1.   Petitioner Dionicio Grimaldo-Barrientos is under an administratively final order of removal, (Petitioner's Exhibit A, incorporated by reference), and is currently detained by Respondents at the Port Isabel Service Processing Center, in Bayview, Texas, within the jurisdiction of this Court.

2. Respondent Trominski maintains his offices, and Petitioner's removal proceedings were conducted, in Harlingen, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Grimaldo-Barrientos is a native and citizen of Mexico, who has been a lawful permanent resident of the United States since 1973.

4. Respondent E. M. Trominski is the District Director of the Harlingen, Texas, office of the Immigration and Naturalization Service. He is sued in his official capacity only.

5. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

## III. THE FACTS

6. Dionicio Grimaldo-Barrientos is a native and citizen of Mexico, who has been a lawful permanent resident of the United States since October 12, 1973. His wife and children are all citizens of the United States.

7. In 1995, Mr. Grimaldo was convicted, on his plea of guilty, of the offense of delivery of a controlled substance in Omaha, Nebraska. He was sentenced to a term of four to six years, of which he served approximately one year. He was discharged from parole on July 25, 1998. On September 12, 2000, also in Nebraska, Mr. Grimaldo was convicted of attempted possession of a deadly weapon by a felon. He was sentenced to one year probation, with a condition of probation that he would serve the last 180 days, unless waived. On June 19, 2001, he was granted early termination from his probation, and was not required to serve the 180 days. (Petitioner's Exhibit B, herein incorporated by reference).

8. On November 23, 2001, Mr. Grimaldo went to Reynosa, Mexico for lunch, and thereafter applied for admission as a returning resident at the Hidalgo port of entry. He was detained, as a result of the controlled substance conviction, and placed under removal

proceedings, allegedly as an "arriving alien." Therefore, the Notice To Appear charged grounds of removal under 8 U.S.C. §1182(a) (inadmissibility), rather than 8 U.S.C. §1227(a) (deportability). (Petitioner's Exhibit C, herein incorporated by reference).

9. At his hearing, Mr. Grimaldo admitted the controlled substance offense, and that he was removable as a result thereof, and filed an application for relief under §212(c) of the Act. A hearing on the merits of that application was scheduled for January 23, 2002.

10. On the date of the hearing, INS filed a "lodged charge," asserting that Mr. Grimaldo was also inadmissible under 8 U.S.C. §1182(a)(2)(B), for having been convicted of two or more offenses for which the aggregate sentences were five or more years. Mr. Grimaldo denied that the sentence imposed in the firearms offense was 180 days, and therefore contested the charge. Nonetheless, the Judge found that the charge had been sustained.

11. Mr. Grimaldo urged that he was still eligible for §212(c) relief, however, the Judge pretermitted the application, and ordered his removal to Mexico. Mr. Grimaldo appealed. In a two-line per curiam decision, a single member of the Board affirmed, without opinion, the results of the decision below. (Exhibit A) Therefore, it is the decision of the Immigration Judge which must be reviewed, rather than that of the BIA. *Ogbemudia v. INS*, 988 F.2d 595,598 (5th Cir. 1993) (Where BIA affirms decision of Immigration Judge without addressing claims made on appeal, Court reviews decision of the Immigration Judge de novo).

## IV. THE CAUSES OF ACTION

**A. THE JUDGE ERRED IN COUNTING THE 180 DAY CONDITION OF PROBATION AS A "SENTENCE TO CONFINEMENT"**

3

Mr. Grimaldo first urges that the Judge erred in counting the 180 day jail term which was an inchoate condition of probation as a "sentence imposed" for purposes of 8 U.S.C. §1182(a)(2)(B).

**B. EVEN ASSUMING, *ARGUENDO*, THAT THE AGGREGATE SENTENCES WERE MORE THAN FIVE YEARS, THE JUDGE ERRED IN CONCLUDING THAT MR. GRIMALDO WAS NOT ELIGIBLE FOR §212(c) RELIEF AS A RESULT OF THE FIREARMS CONVICTION BEING COUNTED THEREIN, WHERE HE WAS CHARGED WITH GROUNDS OF INADMISSIBILITY, NOT REMOVABILITY, AND A FIREARMS CONVICTION IS NOT A GROUND OF INADMISSIBILITY, AND THEREFORE NOT A BAR TO RELIEF.**

Second, the Judge erred in finding that §212(c) relief was barred by *Matter of Esposito*, 21 I&N Dec. 1 (1995). One of the peculiarities of immigration law is that a firearms offense is grounds for deportation, but not inadmissibility. The waiver provided by §212(c) was initially available only in exclusion proceedings. Therefore, logically, firearms offenses were not among the offenses waived. They did not need to be. And when §212(c) relief was extended to LPRs in deportation proceedings, as a matter of Equal Protection, it carried this idiosyncracy: it was drafted to waive grounds of inadmissibility, and therefore, logically, did not specify that it waived grounds of deportability that there not also grounds of inadmissibility. Hence, the BIA concluded that such offenses could not be waived by §212(c).

Therefore, an LPR who has been convicted of a firearms offense is not, solely for that reason, subject to exclusion proceedings, (or removal for arriving aliens). If that person has also been convicted of an offense which is grounds for inadmissibility, (such as here, a controlled substance conviction), he is inadmissible due to that offense, but still eligible for §212(c) relief. Such relief does not waive the firearms offense, but since it is not a bar to admission, no waiver is needed.

By contrast, one who was convicted of a firearms offense and was in

deportation proceedings was not eligible for §212(c) relief. Firearms offenses *did* constitute grounds of deportation, and were not waived by §212(c). The Board did, however, allow such a person to submit simultaneous applications for a §212(c) waiver, and for adjustment of status, which could be granted since the firearms offense was not grounds of inadmissibility. *Matter of Gabryelski*, 20 I&N Dec. 750 (BIA 1993).

It is in this context that *Matter of Esposito* must be understood. *Esposito* held that §212(c) did not waive **deportability** for a firearms offense, even where that offense, considered together with some other offense committed, would have created a grounds of inadmissibility. However, that is the reverse of the situation at bar. Mr. Grimaldo is charged with *inadmissibility*. The firearms conviction is not grounds for inadmissibility. Therefore, the fact that it is one of the offense comprising the grounds found by the Judge, under §1182(a)(2)(B), is irrelevant: §212(c) waives inadmissibility under §1182(a)(2)(B), and since Mr. Grimaldo is held as an arriving alien, the firearms offense is not relevant.

If Mr. Grimaldo had been detained *within* the United States, and charged with removability under §1227(a)(2)(C) (firearms offense), as well as for the controlled substances conviction, he would have still be eligible for §212(c) relief, in conjunction with an application for adjustment of status, through his United States Citizen wife. Therefore, the Immigration Judge was completely in error in pretermitting his application for relief, and the Board likewise erred in affirming the Judge's decision.

Respectfully Submitted,

Lisa S. Brodyaga

5

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.



June 18, 2002

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a courtesy copy of the foregoing, with exhibits, was faxed to Ernesto Molina, Attorney, at (202) 616-4975, this 18th day of June, 2002.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIONICIO GRIMALDO-BARRIENTOS )<br>)<br>v.                                        )<br>)<br>E.M. TROMINSKI, INS DISTRICT   )<br>  DIRECTOR, and                  )<br>JOHN ASHCROFT, ATTORNEY          )<br>  GENERAL OF THE UNITED STATES.  )<br>_____ ) | C.A. NO. B-02.130 |

EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

JUN 14 2002

DIEZ, JAIME M.
1025 N. TEXAS BLVD.,
WESLACO, TX 78596-0000

Office of the District Counsel/PI
P.O. Box 1711
Harlingen, TX 78551

Name: GRIMALDO-BARRIENTOS, DIONICIO          A34-646-445

Date of this notice: 06/11/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    COLE, PATRICIA A.

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A34-646-445 - Harlingen

Date: **JUN 11 2002**

In re: GRIMALDO-BARRIENTOS, DIONICIO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: DIEZ, JAIME M.

ON BEHALF OF SERVICE: Mark R. Whitworth, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

-2-

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
ISABELLE PROCESSING CENTER
Los Fresnos, Texas

File No: A 34 646 445                              February 4, 2002

In the Matter of

DIONICIO GRIMALDO-BARRIENTOS,    )        IN REMOVAL PROCEEDINGS
                                 )
        Respondent                )

CHARGE:     Section 212(a)(2)(A)(i)(II), Immigration and
            Nationality Act - alien convicted of a law
            relating to a controlled substance;

            Section 212(a)(2)(B), Immigration and Nationality
            Act - alien convicted of two or more offenses for
            which the aggregate sentence to confinement
            actually imposed for five years or more.

APPLICATION: Section 212(c), Immigration and Nationality Act -
             waiver of inadmissability.


ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Heinrich Dias, Attorney               Flavio Escobar, Esquire
1025 North Texas Blvd.                Assistant District Counsel
West Uncle, Texas 78596               Immigration & Naturalization
                                      Service
                                      P. O. Box 1711
                                      Harlingen, Texas 78551


ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent was placed in removal proceedings with the issuance of a Notice to Appear dated December 13, year 2001.

cag

See Exhibit 1. At the time the respondent was deemed an arriving alien. Assisted by counsel, the respondent admits that he is not a citizen or a national of the United States but a native and citizen of Mexico who, on November the 23rd year 2001, applied for admission at the port of entry of Hidalgo, Texas as a returning resident alien. Respondent admits that on August the 8th 1995 he was convicted in Douglas County District Court of Omaha, Nebraska for the offense of unlawful delivery of a controlled substance in violation of law. Respondent concedes that he is removable from the United States pursuant to Section 212(a)(2)(A)(i)(II) in that he was convicted of a law relating to a controlled substance.

The respondent denies that on September the 12th year 2000 he was convicted in the District Court of Douglas County, Nebraska for the offense of attempted possession of a deadly weapon by a felon. And for that offense he was sentenced to confinement for 180 days, which was imposed. The respondent denies that he is subject to being removed from the United States pursuant to Section 212(a)(2)(B) for having been convicted of two or more offenses for which the aggregate sentence to confinement actually imposed was five years or more. The Immigration Service presented to the Court for consideration the conviction documents concerning the unlawful delivery of the controlled substance. See Exhibit 2. In addition, the Immigration Service presented to the Court the immigrant visa and alien registration document to

A 34 646 445                              2                         February 4, 2002

cag

establish identity and alienage and that the respondent had been admitted as a resident alien back on October the 12th, 1973. See Exhibit 3. In addition thereto the Immigration Service presented Group Exhibit 4 to establish that the respondent had been convicted of attempted possession of a deadly weapon by a felon which eludes to allegation number five. Separate and apart from any admissions of the respondent on any issue pending before the Court, the Court finds that the Immigration Service's evidence, to wit: Exhibit 2, 3, and 4, establishes the allegation of fact and the charges of removability with evidence that is clear, convincing and furthermore unequivocal.

The respondent has tendered to the Court an application for relief pursuant to Section 212(c) of the Immigration and Nationality Act. The Court will find that the respondent is not eligible for that particular relief.

Based on the conviction for the possession of a controlled substance the Court would have found that 212(c) relief would have been available to the respondent because the conviction occurred in 1995. But, the subsequent conviction that occurred in the year 2000 establishes that the respondent would no longer be eligible for 212(c) relief under the Immigration and Nationality Act. The conviction for attempted possession of a deadly weapon by a felon is a felony thus an aggravated felony.

The Court provided to the parties a copy of the law that it took into consideration in deciding the case. The Court

A 34 646 445                      3                    February 4, 2002

cag

took into consideration the Nebraska law, Section 28-1206, that says that possession of a deadly weapon by a felon or a fugitive from justice is a crime in Nebraska. In addition thereto, the Court took into consideration Nebraska law 28-201, which is the criminal attempt and the penalty for the same. In reviewing Section 28-1206(1) and Section 28-201(D), the Court finds that the conviction for the attempted possession of the firearm by the respondent is a class four felony. Taking into consideration the respondent was convicted of a firearm violation under Nebraska law which is a felony, this Court finds that that particular crime is an aggravated felony under Section 101(a)(43)(E)(ii) of the Immigration and Nationality Act because it is described in 18 U.S.C. Section 922(g)(1). See also Matter of Vasquez Munoz, 23 I&N Dec. 207 (BIA 2002). In light of the fact that this Court has found that the firearms violation is an aggravated felony, the Court finds that the respondent is not eligible for relief under Section 212(c) of the Immigration and Nationality Act. In Matter of Esposito, Int. Dec. 3243, the Board found that Section 212(c) of the Act is ineffective to waive deportability under the former Section 241(e)(14) of the Act or Section 241(e)(2)(C) for a conviction of a firearm violation even where the firearm violation is one of two or more crimes which rendered the alien inadmissible under Section 212(a)(10) of the former Act under 1952, and its present successor provision, which is Section 212(a)(2)(B) which is the ground of inadmissability that is

A 34 646 445                    4                    February 4, 2002

cag

presently considered. Thus, the Court finds that the respondent's application for relief pursuant to Section 212(c) of the Act should be pretermitted because he is no longer eligible for such relief. This is based on the subsequent conviction that occurred in the year 2000 for the attempted possession of a deadly weapon by a felon to wit: a firearm. This conclusion is based on the holding of Matter of Vasquez Munoz, Int. Dec. 3461, supra.

The Court finds that there is no relief available to the respondent under the Immigration and Nationality Act. Respondent has designated Mexico for removal should that become necessary.

## ORDER

IT IS THE ORDER of the Court that the request for relief pursuant to Section 212(c) of the Act is hereby denied for the reasons herein above stated.

IT IS THE ORDER of the Court that the respondent be removed from the United States to his native country of Mexico.

Dated this 4th day of February year 2002.

DAVID AYALA
Immigration Judge

A 34 646 445                           5                      February 4, 2002

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIONICIO GRIMALDO-BARRIENTOS ) | |
| ) | |
| v.                          ) | C.A. No. B-02.130 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
|   DIRECTOR, and             ) | |
| JOHN ASHCROFT, ATTORNEY     ) | |
|   GENERAL OF THE UNITED STATES. ) | |
| _____ ) | |

**EXHIBIT "B" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

State of Nebraska
Board of Parole
and
Department of Correctional Services

# Certificate of Discharge from Parole

*The Board of Parole hereby authorizes and orders the Adult Parole Administrator to Discharge* GRIMALDO/DIONICIO B   # 47241 *from parole.*

This Certificate of Discharge applies to the following conviction:

**Offense(s)** Unlawful Dlvr Con Sub

**County(s) of Conviction** Douglas

**Sentence(s)** 4-6 yrs

**Date(s) of Commitment** 08-28-1995

*"By virtue of the authority vested by the Director of the Department of Correctional Services and upon the authorization and order of the Board of Parole, the Adult Parole Administrator hereby issues this certificate of discharge as provided by law. The issuance of this certificate of discharge does not restore to the above-captioned individual his/her right to bear firearms.*

*This document shall be evident to all persons that the above-captioned individual is finally discharged effective this* 25th *day of* July *, 19* 98 *. Restoration of any of his/her civil rights shall be according to law and/or the Board of Pardons.*

Board of Parole Authorization Order:

*[signature]*
Chair

*[signature]*
Member

*[signature]*
Member

DCS Authorization:

*[signature]*
Adult Parole Administrator

Statutory Authority
83-192 (3)
83-1, 102 (6)
83-1, 118 (3) (5)

DCS-G-adm-015 (4/97)

14

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| THE STATE OF NEBRASKA ) | DOC. 150 | PAGE 251 |
| ) | | |
| Plaintiff ) | SATISFACTION OF JUDGMENT AND SENTENCE | |
| Vs. ) | (EARLY RELEASE) | |
| ) | | |
| Dionicio B. Grimaldo ) | | |
| Defendant ) | | |

NOW ON THE ____ day of June, 2001, this matter came on to be Heard upon the Court's own motion pursuant to 29-2264 (1), R.R.S. 1943. The defendant has been listed by the State Probation Office as one of those who should be discharged from probation prior to the termination date.

THE COURT FINDS that the defendant has, in fact, satisfactorily completed his probation.

IT IS THEREFORE ORDERED that the defendant be released from Probation, and the judgement and sentence are satisfied.

IT IS FURTHER ORDERED that the condition of probation which requires the defendant to serve the last 180 days at DCDC, unless waived, is hereby waived.

SIGNED this /9th day of June, 2001

BY THE COURT:

_____
JUDGE RICHARD J. SPETHMAN

Prepared by: Dan Alati
             State Probation

DA



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DIONICIO GRIMALDO-BARRIENTOS            )
                                        )
v.                                      )    C.A. NO. B-02.130
                                        )
E.M. TROMINSKI, INS DISTRICT            )
   DIRECTOR, and                        )
JOHN ASHCROFT, ATTORNEY                 )
   GENERAL OF THE UNITED STATES.        )
_____       )


EXHIBIT "C" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

U.S. Department of Justice
ration and Naturalization Service

**Notice to Appear**

moval proceedings under section 240 of the Immigration and Nationality Act

File No: A 34 646 445

In the Matter of:

Respondent: GRIMALDO-Barrientos, Dionicio    currently residing at:
P.I.S.P.C. RT. 3 BOX 341, LOS FRESNOS, TEXAS 78566    (956) 547-1759
(Number, street, city, state and ZIP code)    (Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1. **You are not a citizen or national of the United States;**

2. **You are a native of Mexico and a citizen of Mexico;**

3. **On November 23, 2001, you applied for admission at the Port of Entry at Hidalgo, Texas as a returning resident alien;**

4. **You were, on August 08, 1995, convicted in the Douglas County District Court at Omaha, Nebraska for the offense of Unlawful Delivery of a Controlled Substance, in violation of Law.**

the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:

Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, as amended, as an alien who has been convicted of, or admits having committed, or admits committing acts which constitute the essential elements of, a violation or a conspiracy or attempt to violate any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substance Act, 21 U.S.C. 802).

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.
☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
**201 Jackson Street, Harlingen, Texas 78550**
(Complete Address of Immigration Court, including Room Number, if any)

on **TBS** at **TBS** to show why you should not be removed from the United States based on the
(Date)    (Time)
charge(s) set forth above.

Cecilio L. Ruiz, Jr., Asst Dist Dir for Det and Dep
(Signature and Title of Issuing Officer)

Date: December 13, 2001    Harlingen, Texas
(City and State)

**See reverse for important information**
**Supercedes NTA dated November 23, 2001.**

Form I-862 (Rev. 4-1-97)